UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JANNICE PRESTON,<br><br>                Plaintiff,<br><br>     v.<br><br>ATLAS CASTING & TECHNOLOGY,<br>et al.,<br><br>                Defendants. | CASE NO. C08-5033BHS<br><br><br>ORDER GRANTING BEN<br>KING'S MOTION TO<br>DISQUALIFY GRANT &<br>ASSOCIATES |

This matter comes before the Court on Ben King's Motion for Order Requiring Grant & Associates to Withdraw as Counsel for Plaintiff (Dkt. 17). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 8, 2008, Plaintiff Jannice Preston filed a complaint against Defendants Atlas Casting & Technology, Americast Company, and Does 1-5 alleging violations of sex discrimination, sexual harassment, retaliation, and negligent supervision and/or retention. Dkt. 1. Artis C. Grant, Jr., of the Law Offices of Grant & Associates, has been her only attorney of record in this matter. Dkt. 25, Declaration of Artis C. Grant, Jr. ("Grant Decl."), ¶ 1.

Ben King is not a party to this action but he is currently employed by Defendant Atlas as the Director of Human Resources. Dkt. 19, Affidavit of Ben King, ¶ 2. Mr. King claims that "[i]n December 2006, as part of [his] job as Human Resources Director, [he] investigated a claim made by Janice Preston . . . that she was sexually harassed by employees of Atlas Casting." *Id.* ¶ 3.

Mr. King claims that in February of 2007 he "retained [Mr. Grant] for advice regarding issues [he] had with [his] employer, Atlas Casting" and that he "divulged confidences to Mr. Grant regarding [Atlas]." *Id.* ¶ 4. Mr. King also claims that after he consulted with Mr. Grant he learned that Plaintiff had filed this action. *Id.* ¶ 5. Mr. King states that he was "surprised to learn that Mr. Grant was representing [Plaintiff] because [Mr. Grant] made no mention of this when [he] retained [Mr. Grant] in February 2007." *Id.* ¶ 5.

Mr. Grant claims that Plaintiff initially contacted him in December of 2006. Grant Decl., ¶ 1. Mr. Grant confirms that he met with Mr. King after meeting with Ms. Preston. *Id.* ¶ 4. Although Mr. Grant states that he had a "45-minute conversation" with Mr. King, he claims that "the conversation did not involve Jannice Preston, but issues Mr. King had at [Atlas]." *Id.* ¶ 5.

On October 24, 2008, Ben King filed a Motion for Order Requiring Grant & Associates to Withdraw as Counsel for Plaintiff. Dkt. 17. On October 30, 2008, Defendant Atlas filed a motion to join Mr. King's motion. Dkt. 22. On November 8, 2008, Plaintiff responded to both motions. Dkt. 24. On November 12, 2008, Mr. King replied. Dkt. 28.

## II. DISCUSSION

As a threshold matter, Mr. King's motion creates an unusual procedural posture in that Mr. King is not a party to this action yet he seeks disqualification of Mr. Grant. Defendant Atlas, however, has joined in the motion and, once the Court is on notice of a potential conflict of interest, it may disqualify an attorney *sua sponte*.

An attorney who appears in this District shall comply with the Washington Rules of Professional Conduct ("RPC").  Local Rule GR 2(e).  Under the RPC, a lawyer has duties to his former clients as follows:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
> (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client
> (1) whose interests are materially adverse to that person; and
> (2)  about  whom that lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client gives informed consent, confirmed in writing.
> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
> (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
> (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

RPC 1.9.

Plaintiff argues that "the representation of [her] is not adverse to the reasons [Mr. King] came forward."  RPC 1.9(a), however, directs the Court to consider whether the two matters are either "the same or substantially related" and whether the client's interests are "materially adverse."  *See supra*.  In this case, the employment matters at Defendant Atlas are either the same or at least substantially related.  Moreover, Mr. King, as director of human resources for Atlas, has materially adverse interests to Plaintiff who is claiming sexual harassment at Atlas and retaliation by Atlas.  Consequently, unless Mr. King gives "informed consent, confirmed in writing," Mr. Grant is required to withdraw from his representation of Plaintiff.  Mr. King has not given his consent and, in fact, is requesting that the Court order Mr. Grant to withdraw as counsel.

Mr. Grant argues that he does not believe that he is in an untenable position "because [he] does not need to call Mr. King with regard to the harassment of [Plaintiff] by co-workers."  The rules, however, do not limit the requirement of withdrawal to trial,

or even discovery. They clearly state that an attorney may not represent a client in the same or substantially related *matter*. Mr. Grant had the opportunity to avoid this situation by either refusing to consult with Mr. King or refusing to represent Plaintiff in this matter. Instead, Mr. Grant chose to consult with the human resource director at Atlas after establishing an attorney-client relationship with Plaintiff in connection with a sexual discrimination and retaliation action against Atlas. Therefore, the Court grants Mr. King's motion and Mr. Grant must withdraw from this matter. Mr. Grant's firm, Grant & Associates, must also withdraw from this matter. *See* RPC 1.10(a).

Under Local Rule GR 2(g)(4)(A), an "attorney will normally be permitted to withdraw until sixty days before the discovery cut off date in a civil case." In this case, the Court ordered that discovery must be completed by December 15, 2008. Dkt. 9. Because there remains less than thirty days until the discovery cut-off date, the Court will entertain either a motion or a stipulation to continue the remaining deadlines to allow Plaintiff an opportunity to obtain new counsel and, if new counsel is secured, he or she may adequately prepare Plaintiff's case. Plaintiff shall notify the Court by December 1, 2008, whether she has obtained new counsel or how she intends to proceed with this action.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Ben King's Motion for Order Requiring Grant & Associates to Withdraw as Counsel for Plaintiff (Dkt. 17) is **GRANTED**. Mr. Grant and Grant & Associates must withdraw as Plaintiff's counsel of record.

DATED this 21st day of November, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4