THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JANNICE PRESTON,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ATLAS CASTINGS & TECHNOLOGY, et al,<br><br>　　　　　　　　　　Defendants. | NO. 3:08-cv-05033-BHS<br><br>DECLARATION OF GUY J. STERNAL IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE<br><br>**NOTED ON MOTION CALENDAR:<br>March 20, 2009** |

　　　　I, GUY J. STERNAL, declare under penalty of perjury and in accordance with the laws of the State of Washington and the United States that I am an attorney representing Defendant Atlas in this matter, am over the age of eighteen years, and I have personal knowledge of the following matters:

　　　　1.　　　　On June 16, 2008, I received Plaintiff's Initial Disclosures, a copy of which is attached hereto as **Exhibit A**. On pages 3 and 4, Plaintiff summarizes her damages as follows: "Plaintiff's claim for damages includes, but is not limited to emotional distress. The computation of Plaintiff's damages will be supplemented, as discovery is ongoing." To date, Defendants have received no supplementation of Plaintiff's Initial Disclosures.

　　　　2.　　　　On August 21, 2008, I received Plaintiff's Responses to Defendants' First

DECLARATION OF GUY J. STERNAL IN
SUPPORT OF DEFENDANTS' MOTIONS IN
LIMINE - 1
Case No. 3:08-cv-05033-BHS

00408532.DOC

EISENHOWER
EISENHOWER & CARLSON, PLLC
1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
Tel: 253.572.4500
Fax: 253.272.5732

Interrogatories and Defendants' Requests for Production. Copies of Ms. Preston's responses to the relevant interrogatories (Interrogatories No. 3, 11, 20, 23) and requests for production (Requests No. 24) are attached hereto as **Exhibit B**. Because Plaintiff had not provided a categorical calculation of her claimed damages as required by Federal Rule of Civil Procedure 26(a), Defendants propounded an interrogatory asking Ms. Preston to describe her injuries and damages with particularity (Interrogatory No. 3, page 6). Ms. Preston responded that she had suffered anxiety, stress, and intimidation but did not offer any detail as to her claimed damages or injuries. Because Plaintiff had not provided any documents or evidentiary material upon which her claim for damages is based, as required by Federal Rule of Civil Procedure 26(a), Defendants propounded a request for production asking Ms. Preston to provide documents relating to her injuries and damages (Request No. 24, page 12). Ms. Preston responded that she had conducted an investigation and uncovered no responsive documents. To date, Ms. Preston has not supplemented her discovery responses.

3.  On February 5, 2009, Plaintiff deposed L. Benjamin King, the Human Resources Director for Atlas Casting and Technology. Attached hereto as **Exhibit C** are relevant excerpts of Mr. King's deposition transcript.

4.  Although Ms. Preston does not assert racial discrimination claims in this matter, Plaintiff's counsel elicited testimony from Mr. King regarding race at several points during his deposition. From Plaintiff's counsel's conduct during Mr. King's deposition, it appears that Plaintiff's counsel will attempt to present evidence of race and color discrimination even though such claims were not included in Ms. Preston's complaint.

5.  Attached hereto as **Exhibit D** is a copy of a memorandum written by Duane Britschgi memorializing a conversation between Mr. Britschgi and Mr. King regarding Mr. King's violation of employment policies.

6.  Attached hereto as **Exhibit E** is a copy of an Officer's Incident Report detailing

DECLARATION OF GUY J. STERNAL IN
SUPPORT OF DEFENDANTS' MOTIONS IN
LIMINE - 2
Case No. 3:08-cv-05033-BHS

00408532.DOC



1  Ms. Preston's contention that items were stolen from her unlocked car while it was parked
2  outside of Defendants' secure employee parking lot.

3     7.    Attached hereto as **Exhibit F** is a copy of a letter written by Mr. King to Emily
4  Welton in response to Ms. Welton's allegation of sexual harassment by Mr. King.

5     8.    Attached hereto as **Exhibit G** is a copy of a memorandum written by Duane
6  Britschgi regarding Mr. King's violation of employment policies that are not implicated by Ms.
7  Preston's claims.

8     9.    On February 6, 2009, Defendants deposed Plaintiff Jannice Rhodes-Preston.
9  Attached hereto as **Exhibit H** are relevant portions of Ms. Preston's deposition transcript.

10    10.   In her deposition, Defendants were surprised to hear Ms. Preston testify as to
11 several factual allegations that were not part of her EEOC Charge of Discrimination, are not
12 mentioned in her complaint, and were not provided in her discovery responses. For example, at
13 page 61 of her deposition, Ms. Preston testified as to just one offensive comment from her co-
14 workers. This comment was not identified in Ms. Preston's discovery responses, and Defendants
15 learned of this allegation for the first time during Ms. Preston's deposition. Ms. Preston also
16 testified to several uses of profane language that did not concern her and were not directed at her.
17 For example, at pages 53 and 55 of her deposition, Ms. Preston testified that her co-workers
18 directed the use of profanity towards each other, not Ms. Preston.

19    11.   Because Ms. Preston did not provide a calculation of her damages in her initial
20 disclosures and did not describe her damages with particularity in response to specific discovery
21 requests, Defendants questioned Ms. Preston about her damages in her deposition. At pages 81-
22 82 of her deposition, Ms. Preston clarified that she is claiming lost wages from the day of her
23 voluntary termination of employment until Valentine's Day of 2008. Ms. Preston was unable to
24 provide a calculation of such damages. Defendants also inquired as to Ms. Preston's claimed
25 damages for pain and suffering, mental anguish, and emotional distress. At pages 76-77 of her

DECLARATION OF GUY J. STERNAL IN
SUPPORT OF DEFENDANTS' MOTIONS IN
LIMINE - 3
Case No. 3:08-cv-05033-BHS

00408532.DOC

EISENHOWER
EISENHOWER & CARLSON, PLLC

1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
Tel: 253.572.4500
Fax: 253.272.5732

1  deposition, Ms. Preston testified that her damages were limited to stress and that she had not
2  sought treatment for such stress. Since the date of Ms. Preston's deposition, Defendants have
3  received no clarification or supplementation from Ms. Preston regarding her claimed damages.

4  12.  Attached hereto as **Exhibit I** is a copy of Ms. Preston's EEOC Charge of
5  Discrimination and Notice of Charge of Discrimination.

6  13.  While Ms. Preston's EEOC Charge of Discrimination contains allegations
7  regarding race discrimination, Ms. Preston has not brought claims for race discrimination in this
8  matter. *See* Dkt. 1. Nevertheless, at her deposition, Ms. Preston made repeated references to
9  alleged racial discrimination. For example, at pages 73 and 125 of her deposition, Ms. Preston
10 testified that Mr. King made a statement about there being "a lot of racists" at Atlas. At pages
11 84-85 of her deposition, Ms. Preston testified that Mr. King said that Atlas Castings &
12 Technology was a "lily white organization" and that Duane Britschgi made racists comments.
13 At page 109 of her deposition, Ms. Preston testified that Duane Britschgi wrote a letter to Mr.
14 King stating that Atlas was hiring too many African Americans. At page 39 of her deposition,
15 Ms. Preston testified that she felt discriminated against "racial-wise."

16 14.  On February 5, 2009, Plaintiff deposed Duane Britschgi, the president of
17 Defendant Atlas Castings & Technology. Copies of relevant portions of Mr. Britschgi's
18 deposition transcript are attached hereto as **Exhibit J**.

19 15.  Attached hereto as **Exhibit K** is a copy of a note George Smith gave Plaintiff. Mr.
20 Smith was terminated for his behavior with respect to the note.

21 16.  Attached hereto as **Exhibit L** is a copy of a memorandum written by Duane
22 Britschgi regarding Celine Reeves and summarizing sexual discrimination claims of female
23 employees who worked outside of Ms. Preston's department performing different jobs.

24 17.  Attached hereto as **Exhibit M** is a copy of email correspondence between L.
25 Benjamin King and Emily Welton.

26

DECLARATION OF GUY J. STERNAL IN
SUPPORT OF DEFENDANTS' MOTIONS IN
LIMINE - 4
Case No. 3:08-cv-05033-BHS

00408532.DOC

EISENHOWER & CARLSON, PLLC
1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
Tel: 253.572.4500
Fax: 253.272.5732

1   Dated this 12th day of March at Tacoma, Washington.

2

3                                           /s/ Guy J. Sternal
                                            GUY J. STERNAL
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF GUY J. STERNAL IN
SUPPORT OF DEFENDANTS' MOTIONS IN
LIMINE - 5
Case No. 3:08-cv-05033-BHS

00408532.DOC

EISENHOWER
EISENHOWER & CARLSON, PLLC
1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
Tel: 253.572.4500
Fax: 253.272.5732

**PROOF OF SERVICE – CM/ECF**

I hereby declare that on the 12th day of March, 2009, I electronically filed the following documents in the action herein with the Clerk of the Court using the CM/ECF system: *Declaration of Guy J. Sternal in Support of Defendants' Motions in Limine*; and this *Proof of Service*, and that the person(s) listed below will receive notification of such filing via the CM/ECF system:

Desiree S. Hosannah, Attorney for the Plaintiff
at:  hosannah_law@q.com; and

Peter Petrich, Attorney for Benjamin King
at:  Ppetrich@dpearson.com.

I hereby declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 12th day of March, 2009.

/s/ Nicole Frey
Nicole Frey, Legal Assistant
nfrey@eisenhowerlaw.com

DECLARATION OF GUY J. STERNAL IN
SUPPORT OF DEFENDANTS' MOTIONS IN
LIMINE - 6
Case No. 3:08-cv-05033-BHS

00408532.DOC

EISENHOWER
EISENHOWER & CARLSON, PLLC
1200 Wells Fargo Plaza
1201 Pacific Avenue
Tacoma, WA 98402
Tel: 253.572.4500
Fax: 253.272.5732